**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CONTINENTAL CASUALTY**
**COMPANY, et al.,**

    **Plaintiffs,**

**v.**                                                  **Case No.  8:05-cv-310-T-24TBM**

**PROFESSIONAL EMPLOYER**
**PLANS, INC.,**

    **Defendant.**
                                     /

## O R D E R

THIS MATTER is before the court on **Defendant's Motion to Compel Production of Documents and Supporting Memorandum of Law** (Doc. 25). By its motion, Defendant seeks an Order compelling Plaintiffs to respond to four items in Defendant's Request to Produce served on June 8, 2005. In particular, Defendant argues that their Requests No. 4, 5, 10, and 15 are relevant and discoverable, and Plaintiffs' objections thereto are without merit. By their response in opposition (Doc. 26), Plaintiffs indicate that they withdraw their objections to Requests No. 4, 5, and 15, as the requests have been narrowed or clarified by the Defendant's motion. However, Request No. 10 remains in dispute.

    By Request No. 10, Defendants requested

> All documents which evidence, refer or relate to any claims of fraud, malfeasants (sic), negligence, poor claims handling services, or breach of contract by any professional employer organization client of Plaintiffs being serviced out of the Maitland office between January 1, 1999 and January 1, 2003.

(Doc. 25 at 5). Plaintiffs responded as follows:

> Plaintiffs object to this request on the grounds that it is
> overly broad, unduly burdensome and seeks information
> which is irrelevant and not reasonably calculated to lead to
> the discovery of admissible evidence.

Id. Defendants argue that documents concerning other instances of poor claims handling by the Maitland office for the specific time period are relevant to the handing of its claims by the same office. In response, Plaintiffs argue that the claims of any other professional employer organization is irrelevant to the determination of Plaintiffs' contractual obligations with the Defendant. Additionally, Plaintiffs argue that the RSKCo office in Maitland handled tens of thousands of workers' compensation claims during the specified four-year period. Thus, Plaintiffs argue that the request for responsive documents is overly broad and unduly burdensome.

By its Counterclaim, Defendants alleges that it entered into Claim Service Agreements with RSKCo, with effective dates of January 1, 2000, and February 1, 2001, and that RSKCo breached its obligations under the Agreement by performing its claims management services negligently. See (Doc. 8-1 at ¶¶ 2, 4). Thus, the subject of the document request may be relevant to allegations in the Counterclaim; however, the scope of the request is overbroad. The parties are ordered to confer on a narrowed, less burdensome request that identifies formal complaints of negligence or malfeasance by RSKCo in its claims management under substantially similar claim service agreements at the Maitland

office between the specified dates.[1]  The court will reserve further ruling on this request, pending the parties' anticipated resolution of this dispute.

Accordingly, it is **ORDERED** that **Defendant's Motion to Compel Production of Documents and Supporting Memorandum of Law** (Doc. 25) is **GRANTED in part** as to Request No. 10 as set out herein and **DENIED as moot** as to Requests No. 4, 5, and 15.

**Done and Ordered** in Tampa, Florida, this 17th day of February 2006

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[1] In this regard, the court will not require Plaintiffs to search for or produce every document related to every complaint or claim of mismanagement, founded or unfounded. Thus, the parties should discuss the identification and production of relevant matters concerning formal claims of a similar type as alleged by the Counterclaim during the relevant period.